865 F.Supp. 533 (1994)
UNITED STATES of America, and State of Indiana, Plaintiffs,
v.
SCA SERVICES OF INDIANA, INC., Defendant.
SCA SERVICES OF INDIANA, INC., Third-Party Plaintiff,
v.
OMNISOURCE CORP., et al., Third-Party Defendants.
KNEPPER CARTAGE, INC., et al., Fourth-Party Plaintiffs,
v.
ABF FREIGHT SYS. INC., et al., Fourth-Party Defendants.
Civ. No. 1:89cv29.
United States District Court, N.D. Indiana, Fort Wayne Division.
October 3, 1994.
*534 Timothy J. Junk, Angila M. Prather, Office of Ind. Atty. Gen., Indianapolis, IN, for State of Ind.
Deborah M. Leonard, David H. Miller, U.S. Attys. Office, Fort Wayne, IN, Maureen M. Katz, U.S. Dept. of Justice, Environmental Enforcement Section, Environment and Natural Resources Div., Washington, DC, and Gary Richardson, Richardson Stoops and Keating, Tulsa, OK, for U.S.
J. Frank Kimbrough, Wilks and Kimbrough, Fort Wayne, IN, Percy L. Angelo, Patricia F. Sharkey, Kurt D. Williams, Thomas W. Dimond, James C. Geoly, Mayer Brown and Platt and Mark Chutkow, Sidley and Austin, Chicago, IL, for SCA Services of Ind., Inc.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Alan VerPlanck, Robert S. Walters, David R. Steiner and James Fenton, Barrett and McNagny, Fort Wayne, IN, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Omnisource Corp.
Solomon L. Lowenstein, Jr., Fort Wayne, IN, for A & J Enterprises, Inc., Almet Inc., Perfection Varnish Co. Inc., Indiana Stamp Co., Inc., Indiana Equipment Sales, Inc.
Larry L. Barnard, Milford M. Miller, Miller Carson Boxberger and Murphy, Fort Wayne, IN, for Advanced Mach. & Tool Corp., John & Joseph Fabini, Auto Trim Co., C.L. Schust Co., Inc., ICON Inc. a/k/a Custumcraft Inc.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Allen County Motor Service, Meyer Stamping & Mfg. Co.
Gaspare G. Ruggirello, Gabriel M. Rodriguez, Frith C. Crandall, Chicago, IL, for Borg-Warner Corp. aka Borg-Warner Sec. Corp.
Vincent J. Backs, Beers Mallers Backs and Salin, Fort Wayne, IN, for Branstrator Aluminum Products Corp.
Richard P. Samek, Miller Carson Boxberger and Murphy, Fort Wayne, IN, for Chalfant-Perry-Klaehn Funeral Home, Inc.
D.H. Brennan, Jr., Chicago, IL, for Chemcentral Corp.
David L. Maurer, Thomas P. Wilczak, and Abraham Singer, Pepper Hamilton and Sheetz, Detroit, MI, for Chrysler Corp., Fruehauf Trailer Corp.
Robert B. Wright, Robert B. Wright and Associates PC, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Colwell/General Inc., Leepoxy Plastics Inc.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Andrea Kojim Thomas, Corning, NY, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallock, Indianapolis, IN, for Corning Inc.
*535 Arthur G. Surguine, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, Anita Crews, Susan M. Griesgraber, John C. Knoepfler, Minneapolis, MN, for Crosby Group Inc.
Ronald J. Tirpak, Schenkel and Tirpak, Fort Wayne, IN, for Custom Tube Co., Inc.
Frederick X. Shadley, Benesch, Freidlander Coplan and Aronoff, Cincinnati, OH, Troy R. Taylor, Dykema Gossett, Detroit, MI, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Dana Corp.
Sanford M. Stein, Lori Prokes Davis, James R. Morrin, Wildman Harrold Allen and Dixon, Chicago, IL, for Deister Concentrator Co. Inc.
Todd A. Mikesell, Scott E. Shockley, DeFur Voran Hanley Radcliff and Reed, Muncie, IN, for William A. Didier & Sons, Inc.
Robert S. Walters, James Fenton, Barrett and McNagny, Fort Wayne, IN, for Barry Dorman, Barry Pass, Leonard Riffkin.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Sanford M. Stein, Lori Prokes Davis, Chicago, IL, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Essex Group Inc.
Thomas B. Smith, J. Daniel Berry, Washington, DC, C. Erik Chickedantz, Thomas M. Gallmeyer, Hawk Haynie Gallmeyer and Chickedantz, Fort Wayne, IN, for Evans Product Co.
Troy R. Taylor, Nancy Martin, Detroit, MI, for Federal-Mogul Corp.
Arthur G. Surguine, James J. Shea and Robert E. Kabisch, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Fleetwood Motor Homes of Indiana, Inc., Fort Wayne Foundry Corp.
Harvey L. Friedman, Laurence Y. Solarsh, New York City, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Fonda Group.
Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, W. Michael Horton, Burt Blee Dixon and Sutton, Fort Wayne, IN, for third-party defendant Fort Wayne Clutch, Inc.
Williams D. Evans, Jr., Washington, DC, for Fort Wayne Newspapers, Inc.
Andrea L. Hermer, F. Dennis Logan, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, for Fort Wayne Public Transp. Corp.
Michael P. O'Hara, Thomas P. Yoder, Barrett and McNagny, Fort Wayne, IN, for Steel and Aluminum Fabricating Co.
Travis S. Friend, Beckman Lawson Sandler Snyder and Federoff, Fort Wayne, IN, Solomon L. Lowenstein, Jr., and Frank J. Gray, Beckman Lawson Sandler Snyder and Federoff, Fort Wayne, IN, for Gladieux Refinery Inc.
Thomas P. Wilczak, Detroit, MI, for B.F. Goodrich Auto Service.
Ronald B. Noga, Columbus, OH, for Grossman Industries Inc.
Larry D. Espel, Peter L. Tester, Minneapolis, MN, for Glidden Paint Center.
W.C. Blanton, Jodie L. Miner, Ice Miller Donadio and Ryan, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf & Wallack, Indianapolis, IN, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Harris-Kayot, Inc.
Daniel J. Borgmann, Helmke Beams Boyer and Wagner, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Hassan Barrel Co. Inc.
Bryan G. Tabler, Barnes and Thornburg, Indianapolis, IN, Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Indiana Michigan Power Co.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Carl S. Grabinski, Chicago, IL, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Joslyn Corp. aka Joslyn Mfg. Co.
Edward E. Beck, John B. Powell, Daniel Serban, Shambaugh Kast Beck and Williams, Fort Wayne, IN, for third-party defendant K & G Mfg. Co., Inc.
Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, *536 IN, for Keefer Printing Co., Meek Mack Body Shop.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Michael J. Hughes, Edmund B. Moran, Jr., Levin and Sons, Inc., Chicago, IL, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Levin & Sons, Inc.
Loren K. Allison, John C. Theisen, Gallucci Hopkins and Theisen PC, Fort Wayne, IN, Dean S. Applefield, Hartford, CT, for Lydall, Inc.
Gabriel M. Rodriguez, Frith C. Crandall, Tim A. Grogg, Chicago, IL, for Maremont Corp.
Michael P. Carlton, Milwaukee, WI, for Mobile Aerial Towers Inc.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Michael D. Sears, Singleton Crist Patterson Austgen and Lyman, Munster, IN, Mark Mester, Mary Rose Alexander, Lawrence Levine, Latham and Watkins, Chicago, IL, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Navistar Intern. Transp. Corp.
Fredrick R. Tourkow, Tourkow Crell Rosenblatt and Johnston, Fort Wayne, IN, for New Haven Wire & Cable, Inc.
John C. Duffey, Anthony S. Benton, Stuart and Branigin, Lafayette, IN, for Norfolk & Western Ry. Co.
Maureen Grimmer, Eichhorn Eichhorn and Link, Hammond, IN, for Northern Indiana Public Service Co.
W.C. Blanton, Jodie L. Miner, Ice Miller Donadio and Ryan, Indianapolis, IN, for Phelps Dodge Corp.
Loren K. Allison, John C. Theisen, Gallucci Hopkins and Theisen PC, Fort Wayne, IN, Raymond C. Marshall, David E. Moser, San Francisco, CA, for Pines of America/Powerwheels Inc., a Div. of Kransco Group Companies.
James W. Clark, Baker and Daniels, Indianapolis, IN, Holly D. Warshauer, Fort Wayne, IN, for Potlatch Corp.
Stephen J. Lerch, Fort Wayne, IN, for Precision Litho Inc.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Patricia A. Shaw, LeBoeuf Lamb Leiby and MacRae, Pittsburgh, PA, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Rea Magnet Wire Co., Inc.
Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, Paul B. McNellis, Wyss McNellis Riebenack and Myers, Fort Wayne, IN, for Ream-Steckbeck Paint Co., Inc.
Mark A. Goldsmith, C.J. Dunsky, Honigman Miller Schwartz and Cohn, Detroit, MI, for third-party defendant Rieke Corp.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Diana H. Hull, Miami, FL, for Ryder Truck Rental aka Fort Wayne Leasing Co.
Michael S. Talbett, M.D. Hayes, J.L. Lucari, Holleb and Coff, Chicago, IL, for Safety Kleen Envirosystems Co.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Nicholas J. DeBenedictis, Philadelphia, PA, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Scott Paper Co.
Norman L. Roelke, Fort Wayne, IN, for third-party defendant Tokheim Corp.
John C. Duffey, Anthony S. Benton, Lafayette, IN, Arthur G. Surguine, Hunt, Suedhoff Borror and Eilbacher, Fort Wayne, IN, for third-party defendant Triangle Fleet Service, Inc.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, David L. Maurer, Thomas P. Wilczak, and Abraham Singer, Pepper Hamilton and Sheetz, Detroit, MI, for Uniroyal Goodrich Tire Corp.
David G. Thomas, Daniels Sanders Pianowski Hamilton and Todd, Elkhart, IN, for United Limo, Inc. dba Indiana Motor Bus Co.
*537 Ronda P. Bayer, Minneapolis, MN, for Valspar Corp.
Thomas A. Coz, Frederick X. Shadley, Terrance M. Fay, Benesch Friedlander Coplan and Aronoff, Columbus, OH, for Van Wert County, OH.
Stephen Q. Giblin, Matthew L. Kuryla, Cleveland, OH, for Wayne Home Equipment Co.
Frank J. Deveau, Lawrence A. Vanore, Sr., Sommer and Barnard, Indianapolis, IN, for Zollner Corp.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Leonard F. Charla, Jack D. Shumate, Detroit, MI, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for K-H Corp.
Travis S. Friend, Thomas J. Goeglein, Frank J. Gray, Beckman Lawson Sandler Snyder and Federoff, Fort Wayne, IN, for Millen Industries, Inc.
John C. Duffey, Anthony S. Benton, Stuart and Branigin, Lafayette, IN, for North American Van Lines, Inc.
Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Paper Corp. of America.
Gregory G. Scott, Minneapolis, MN, for Simon-Telelect, Inc., HRI Liquidating Corp., Utility Equipment Holding Co., Inc.
Edmund B. Moran, Jr., Levin and Sons, Inc., Chicago, IL, for Theodore B. Levy.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Roseann Oliver, Chicago, IL, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Aeroquip Corp.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, William J. Pinamont, Philadelphia, PA, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Consol. Rail Corp.
Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Barry L. Malter, Warren Anthony Fitch, Julie A. Weisman, Washington, DC, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Cooper Tire & Rubber Co.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Abraham Singer, Pepper Hamilton and Sheetz, Thomas P. Wilczak, Detroit, MI, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Protective Coatings, Inc.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Patricia A. Shaw, LeBoeuf Lamb Leiby and MacRae, Pittsburgh, PA, for United Technologies Automotive Systems, Inc.
Michael T. Blee, Burt Blee Dixon and Sutton, Fort Wayne, IN, Martin T. Fletcher, Sr., Andrea L. Hermer, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, Shaun M. McCaffrey, Fort Smith, AR, for ABF Freight System, Inc., successor to Navajo Freight Lines.
Anne Slaughter Andrew, Baker and Daniels, Fort Wayne, IN, for Acme Waste Systems, Inc., Individually and as successor to Top Disposal, Inc., and Acme Disposal, Aero Trucking, Inc., successor to Hub Airlines, Inc., American Steel Supply Corp., Dahm Bros. Inc., Fort Wayne Lincoln Mercury, Inc., successor to Brookside Lincoln Mercury and Brookside Auto, Summit City Ford, Inc., successor to Bob Jackson Ford, Delagrange Ford Sales, Inc., Delagrange Auto, Troy Textile Service, Inc. aka Troy Towel Supply, Whitley Products, Inc.
P. Michael Miller, Miller and Stewart, Fort Wayne, IN, for Acro Products, Inc.
Thomas S. Locke, Fort Wayne, IN, for Allen County Tractor Sales, Inc.
James D. Streit, Gallucci Hopkins and Theisen PC, John B. Powell, Shambaugh Kast Beck and Williams, Fort Wayne, IN, for American Tool and Engineering Co., Inc., Waynedale Lumber & Supply Co.
Michael T. Blee, Burt Blee Dixon and Sutton, Fort Wayne, IN, for ANR Freight System, Inc., successor to A.T.L. Motor Freight and Associated Truck Line.
Robert J. Brennan, Porzio, Bromberg and Newman, Morristown, NJ, for Black & Decker *538 U.S., Inc., Emhart Industries, Inc., Roadway Exp. Inc.
J. Andrew Schlickman, Sidley and Austin, Chicago, IL, for Borden, Inc.
Stephen E. Lewis, Haller and Colvin, Fort Wayne, IN, for Allen Dairy Products, Inc., Consolidated Airways Inc., C.M.S. Roofing, Inc., successor to C. Miller & Sons, Inc., Fort Wayne Air Service, Inc., Kelley Chevrolet, Inc., successor to Hefner Chevrolet, Inc., Poinsatte Motors, Inc., Tom Kelley Buick-GMC Truck, Inc.
Michael R. Franceschini, Steers Sullivan McNamar and Rogers, Indianapolis, IN, for Collins Motor Co., Inc. dba Collins Oldsmobile, Inc.
Warren D. Krebs, Michael W. Owen, Owen Shoup and Kinzie, Indianapolis, IN, for C.W. Transport, Inc.
Martin T. Fletcher, Sr., Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, for Dayton Hudson Corp. dba Target Stores, successor to Ayr-Way Stores, Inc.
Deborah M. Leonard, U.S. Attys. Office, Fort Wayne, IN, Robert E. Lefevre, Washington, DC, for Dept. of Veterans Affairs.
Stanley A. Levine, Fort Wayne, IN, for Don Ayers Pontiac, Inc.
James R. Grossman, Kent C. Litchin, Grossman and Litchin, Fort Wayne, IN, for Don R. Fruchey, Inc.
Martin T. Fletcher, Sr., Andrea L. Hermer, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, for Evers Body Shop aka Bud Evers Auto, Fuji True Color, Inc. dba McJons One Hour Lab, Lincoln Foodservice Products, Inc., successor to Lincoln Mfg. Co., Inc., Material Handling Equipment Corp., McCoy Bolt Works, Inc., Metallurgical Processing Inc., Omega Rubber Products, Inc., successor to Omega Rubber Plant, Parkview Mem. Hosp., Inc., Pepsi-Cola General Bottlers, Inc., Preferred, Inc., successor to Preferred Painters, Morrill Motors, Inc.
Thomas A. Barnard, Johnson Smith Densborn Wright and Heath, Indianapolis, IN, for Fort Wayne State Developmental Center, successor to Fort Wayne State Hosp., Nat. Guard of Indiana.
Philip R. Terrill, Tremper Bechert Leonard and Terrill, Fort Wayne, IN, for Fox and Fox Frame Service, Inc.
Steven R. Reed, Westfield, IN, for GTE, Inc.
William I. Ivers, Stewart and Irwin, Indianapolis, IN, Steven R. Reed, Westfield, IN, for Summit GMC-Kenworth, Inc., successor to Gen. Truck Sales, Corp.
Steven L. Jackson, Anne Slaughter Andrew, Baker and Daniels, Fort Wayne, IN, for Glenbrook Dodge, Inc., successor to Fort Wayne Dodge, Lutheran Hosp. of Indiana, Inc. aka Lutheran Hosp. of Fort Wayne.
Thomas L. Mattix, Kunz and Kunz, Indianapolis, IN, for Casco, Inc. fka L.C. Cassidy & Son, Inc.
Grant Van Horne, Van Horne Turner Stuckey and McCanna, Auburn, IN, for Hardware Wholesalers, Inc.
Martin F. Siegal, Westfield, NJ, for Hayes-Albion Corp.
Louis M. Rundio, Jr., Lynnette L. Lupia, Carolyn S. Hesse, McDermott Will and Emery, Chicago, IL, for Boler Co., successor to Hendrickson Tandem Corp.
Renee R. McDermott, Nashville, IN, for Howard's Photo Lab, Inc.
Laurie J. Miller, Dean R. Karau, Minneapolis, MN, for Indianhead Truck Lines.
Arthur W. Fruechtenicht, Fruechtenicht Law Office, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Indust. Piping and Engineering Corp.
William E. Harris, Moss Crowell Harris Yates and Long, Fort Wayne, IN, for Jim Bostwick Pontiac, Inc., successor to Davis Auto and Indust. Truck, Inc. and Davis Auto, Leo Builders Supply, Inc.
Louis Zednik, Kmart Corp., Troy, MI, for K-Mart Corp.
Gerald J. Pels, Houston, TX, Craig L. Weinstock, Dallas, TX, for Kunkle Valve, Div. of Kunkle Industries, Inc.
Maureen A. Brennan, Elizabeth A. McNellie, Cleveland, OH, for Lake End Sales, Div. of Roundy's Inc.
Michael P. Carlton, Michael J. McDonagh, Milwaukee, WI, for Diana Corp., successor to Lake End Sales, div. of Roundy's Inc.
*539 Mark Chutkow, J. Andrew Schlickman, Sidley and Austin, Chicago, IL, for Meadow Gold Dairies, Inc., Seyfert Foods, Inc.
Steven D. Hardin, McHale Cook and Welch, Indianapolis, IN, for Mechanics Laundry and Supply, Inc., successor to Cover-All Rental Service.
Martin T. Fletcher, Sr., Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, David S. Finch, Kendy M. Hess, Altheimer and Gray, Chicago, IL, for Montgomery Ward & Co., Inc.
Thomas J. Blee, Burt Blee Dixon and Sutton, Fort Wayne, IN, for Nat. Plastics Corp.
Harry W. Scott, M. Bruce Scott, DeVoss Scott Johnson and Baker, Decatur, IN, for Nat. Serv-All, Inc., Individually and as successor to B & B Disposal, C & C Disposal, Napier Disposal, Scott Disposal, and Woods & Ideal Disposal Services.
Richard E. Steinbronn, Barnes and Thornburg, Fort Wayne, IN, for Affiliated Bldg. Centers, Inc., successor to New Haven Lumber and Supply Co.
Donald R. Clifford, Clifford Larmore and Associates, Fort Wayne, IN, for New Look Auto Truck Repair, Inc.
Mark A. Warsco, Warsco and Brogan, Fort Wayne, IN, for Pettigrew & Sons, Inc. aka Pettigrew Roofing.
Andrew M. Goeglein, Nieter and Goeglein, Fort Wayne, IN, for third-party defendant Prentice Products Corp.
Brian E. Hurley, for Seven-Up Kemmerer Bottling Group, Inc.
Steven C. Kohl, Chris T. Danikolas, Tammy L. Brown, Howard and Howard, Bloomfield Hills, MI, for Sheriff-Goslin Co.
Erica L. Dolgin, Stephen J. Bonebrake, Schiff Hardin and Waite, Chicago, IL, for Superior Linkage, Div. of Tuthill Corp., successor to Superior Ball Joint Corp.
Norbert J. Schenkel, Jr., Michelle M. Fennessy, Schenkel and Tirpak, Fort Wayne, IN, for Wells Street Pro Hardware, Inc., successor to Wells Street Hardware.
Richard H. May, for Ziebart Corp.
Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, for Knepper Cartage Inc., General Elec. Co., ITT Corp., Philips Electronics North American Corp. fka Magnavox Electronic Systems Co., United Technologies Automotive Systems, Inc.
Gene R. Leeuw, Charleyne L. Gabriel, Klineman Rose Wolf and Wallack, Indianapolis, IN, Edmund B. Moran, Jr., Levin and Sons, Inc., Chicago, IL, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Bessie Levy, both Individually and as Trustee under Levin Trusts A, B, C and D, Gabor Fenyes, Ralph Levin, as Trustees under Levin Trusts C & D.
Mark A. Warsco, Warsco and Brogan, Martin T. Fletcher, Sr., Andrea L. Hermer, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, for Acme Nat. Heat Treating Co., Inc.
Stanley A. Levine, Fort Wayne, IN, for Means Auto.
Robert T. Traub, Reading, PA, for Hertz Penske fka Oser Leasing, Inc. fka Oser Properties.
Mary C. Bryant, Susan K. Urbas, Chicago, IL, for Peter Eckrich/Beatrice Foods.
Joseph J. Jensen, Robert J. Palmer, Sr., Wilmer Todd Woelfer, May Oberfell and Lorber, South Bend, IN, Matthew J. Siembieda, Philadelphia, PA, for American Premium Underwriters, Inc.
Randall J. Nye, Beckman Kelly and Smith, Hammond, IN, Frederick J. Kulevich, Chicago, IL, for Sears, Roebuck & Co.
Robert R. Clark, Lowe Gray Steele and Hoffman, Indianapolis, IN, for Consol. Freightways of Del. aka C.F. Motor Freight.
Curt Vazquez, Pittsburgh, PA, for Dietrich Industries, Inc.
William T. Hopkins, Jr., Mark S. Kittaka, Gallucci Hopkins and Theisen PC, Fort Wayne, IN, for Martin Heavy Haulers, Inc. aka Martin Intern., Inc. aka Howard Martin, Inc.
Martin T. Fletcher, Sr., Andrea L. Hermer, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, L. Craig Keoun, for Plastic Composites Corp.
Pierre C. Talbert, Jr., Christopher W. Brownell, Foley and Lardner, Chicago, IL, *540 for Wayne Feed, Div. of Continental Grain Co. fka Allied Mills, Inc.

ORDER
WILLIAM C. LEE, District Judge.
This matter is before the court on a motion to reconsider which was filed by the third-party defendants on August 1, 1994[1]. The parties completed briefing the motion on September 30, 1994. The third-party defendants have also filed, in the alternative, a motion for certification of interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

Discussion[2]
On December 20, 1993, the third-party defendants in this case, with the exception of United Tech Auto and Essex Group, Inc., filed a motion to dismiss SCA's third-party complaint. In support of their motion to dismiss, the third-party defendants argued that even though SCA had labeled one of its claims as a claim for cost recovery, pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9607(a) ("CERCLA"), the claim was in essence a claim for contribution which was barred by the three-year statute of limitations set forth in § 113(g)(3)[3].
On April 18, 1994, this court entered an order (the "April Order") in which the third-party defendants' motion to dismiss was denied in part and granted in part. Specifically, this court found that even though SCA's claims for contribution were time-barred, SCA was entitled to bring an action under § 107(a)(4)(B) to attempt to recover its response costs from potentially liable third parties.
In support of its present motion to reconsider, the third-party defendants argue that three recent appellate decisions suggest that this court incorrectly held that SCA may maintain a cost recovery action. Specifically, the third-party defendants have directed the court's attention to: Akzo Coatings, Inc., v. Aigner Corp., 30 F.3d 761 (7th Cir.1994); United Technologies Corp. v. Browning-Ferris Industries, Inc., 33 F.3d 96 (1st Cir.1994); and Town of Munster, Ind. v. Sherwin-Williams Co., Inc., 27 F.3d 1268 (7th Cir. 1994). The court will now discuss each of these cases in turn.

A. AKZO COATINGS, INC. V. AIGNER CORP.

A summary of the facts and holding of Akzo is as follows. In 1988, the federal Environmental Protection Agency ("EPA") issued a unilateral administrative order requiring Akzo and other companies to perform clean-up work at a hazardous waste site (the "Fisher-Calo site"). Akzo complied with the EPA's order, incurring costs in excess of $1.2 million.
*541 In May 1990, approximately thirty-five companies, including Akzo, that had generated wastes disposed of at the Fisher-Calo site initiated efforts to determine the extent of the liability of all "potentially responsible parties" ("PRPs"). Akzo determined that it was not liable for any additional contamination of the Fisher-Calo site, and withdrew from the group in February 1991.
The EPA began to negotiate with the PRPs to implement the required clean up, and by the end of 1991 it had finalized an agreement with more than 200 PRPs. The EPA filed suit against these PRPs in late December 1991 and asked the court to approve the proposed consent decree it filed contemporaneously with its complaint. Pursuant to the decree, the settling PRPs agreed to clean up the site and to compensate the EPA for some of the costs it had incurred. In late February 1992, the district court approved the consent decree. Although Aigner was a party to the consent decree, Akzo did not join the settlement.
In 1991, Akzo brought suit against Aigner. Counts I and IV were brought pursuant to § 107(a) for statutory response costs; Counts II and V sought contribution pursuant to § 113(f). Akzo Coating, Inc. v. Aigner Corp., 803 F.Supp. 1380, 1381 (N.D.Ind.1992) (Judge Miller). The defendants filed a motion to dismiss (which the district court converted to a motion for summary judgment) claiming that since they had entered into a consent decree, § 113(f)(2)[4] protected them against contribution actions. The plaintiffs in Akzo contended that § 113(f)(2) did not protect the settling parties because the matters covered by the settlement differed from those covered in the plaintiffs' complaint. 803 F.Supp. at 1384. Plaintiffs claimed that they incurred response costs in connection with two activities, neither of which were covered by the consent decree: the requirements of the 1988 administrative order issued against the plaintiffs, and the plaintiffs' voluntary investigation of contamination and related activities at the facility. Id. at 1386.
The district court rejected the plaintiffs' arguments and found that the activities and costs on which the plaintiffs' complaint was founded was covered by the consent decree. Id. As the claims in the plaintiffs' complaint were held to be the same as "those matters addressed in the settlement", the district court concluded that § 113(f)(2) protected the defendants from suit; therefore, the court granted summary judgment for the defendants. Id. at 1388.
Akzo appealed the district court's grant of summary judgment, renewing its argument that its suit was really one for direct cost recovery brought under § 107(a) rather than a suit for contribution under § 113(f)(1). In analyzing this argument, the Seventh Circuit Court of Appeals first noted that "Akzo itself is a party liable in some measure for the contamination at the Fisher-Calo site, and the gist of Akzo's claim is that the costs it has incurred should be apportioned equitably amongst itself and the others responsible. Complaint ¶¶ 10, 11. That is a quintessential claim for contribution." 30 F.3d at 764. The Seventh Circuit then held that "[w]hatever label Akzo may wish to use, its claim remains one by and between jointly and severally liable parties for an appropriate division of the payment one of them has been compelled to make. Akzo's suit accordingly is governed by section 113(f)." Id.
Even though the Seventh Circuit held that in Akzo the facts indicated that it was a "quintessential claim for contribution", the Court acknowledged that on other facts Akzo may have been able to pursue a cost recovery action. The Court specifically noted that:
If, for example, all of Akzo's solvents were deposited at Two-Line Road while Aigner's were deposited at a different facility, Akzo's claim for cleaning up the Two-Line Road site looks less like one for contribution and more like a section 107 cost recovery action. But the basis for holding Aigner liable in that scenario escapes us. *542 Only the hypothesis that the whole Fisher-Calo site is the proper unit of analysis, or that both Akzo and Aigner sent solvents to Two-Line Road, would give Akzo a legitimate claim against Aigner. Either way, Akzo is seeking to apportion liability for an injury to which it contributed. Akzo reminds us that in Count IV of its complaint, it seeks total recovery of the voluntary costs it incurred in conjunction with the other PRPs who sought to study and delineate their potential liability for further action at the Fisher-Calo site. Akzo bears none of the responsibility for these costs, it argues, and therefore its claim is necessarily not one for contribution. Even if that rationale does render Count Four something other than a claim for contribution (an issue we need not decide), it does not necessarily clear a path to recovery. See United States v. Hardage, 982 F.2d 1436, 1448 (10th Cir.1992) (costs borne by private party in investigating and developing remedial alternatives for purposes of defending against government's suit are not necessary to containment of polluted site and thus are not "necessary" response costs recoverable under section 107(a)(4)(B)), cert. denied, ___ U.S. ___, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993); see also Key Tronic v. United States, ___ U.S. ___, ___, 114 S.Ct. 1960, 1968, 128 L.Ed.2d 797 (1994). In any event, because Akzo's voluntary response costs were aimed at a permanent clean-up of the site, we believe them barred as "matters addressed" by the Accurate Partitions consent decree. See infra at 767.
30 F.3d at 765 and n. 6.
Thus, the Seventh Circuit acknowledged, without deciding, that under different facts a party that incurred response costs may have "something other than a claim for contribution." However, Akzo was not able to pursue a cost recovery claim for two reasons: (1) it was a "party liable in some measure" as it had deposited solvents at the Fisher-Calo site; and (2) it was seeking to "apportion liability for an injury to which it contributed."
Having decided that Akzo, a liable party, was seeking contribution, the Seventh Circuit then proceeded to decide whether the contribution Akzo was seeking was for "matters addressed" by the consent decree that Aigner had signed, which would make the claim barred by § 113(f)(2)'s "contribution protection" language. The Court ultimately reversed the district court in part because it found that the work Akzo was compelled to perform was not a "matter addressed" by the settlement, but that Akzo's voluntary efforts toward long-term clean-up were of the nature of "matters addressed" by the settlement. 30 F.3d at 770.
In their motion to dismiss, the third-party defendants focus on the fact that this court noted that SCA's claims against the third-party defendants were not contribution claims because SCA had never admitted liability nor had it ever been adjudicated as being a liable party. See 849 F.Supp. at 1283. The third-party defendants claim that in Akzo "the Seventh Circuit observed that the plaintiff was `liable' for response costs under CERCLA simply because it sent waste to the site, thus meeting the simple Section 107(a) requirements." The third-party defendants then suggest that this court should find SCA a liable party because SCA allegedly owned the Site at which wastes were dumped.
Although this court obviously does not have the record in the Akzo case before it, it seems readily apparent from the language of the Seventh Circuit's opinion that Akzo was not disputing the fact that it was a generator of waste at the Fisher-Calo facility and was thus a liable party. See 30 F.3d at 765 (wherein the Court cites the Complaint at ¶¶ 10, 11 in support of its statement that "Akzo itself is a party liable in some measure for the contamination at the Fisher-Calo site".) Rather, it appears that Akzo admitted its liability for depositing solvents at a particular portion of the Fisher-Calo site, the Two-Line Road facility. It was the Two-Line Road facility that was the subject to the EPA's 1988 unilateral administrative order compelling Akzo to perform clean-up operations. Akzo completed this required work but then withdrew from the group that ultimately entered into the consent decree after "concluding that it was not liable for any *543 contamination of the Fisher-Calo site beyond the Two-Line Road facility." 30 F.3d at 763 (emphasis provided). Thus, this court finds that the third-party defendants' contention that the Seventh Circuit found Akzo to be a liable party "simply because it sent waste to the site" to be unsupported by the language of the opinion. Clearly, the Seventh Circuit found Akzo to be a liable party because Akzo had admitted liability, at least as to a portion of the site.
In the present case, this court, in its April Order, stated that "it is important to note that SCA has never admitted liability." 849 F.Supp. at 1282. The April Order also quoted the Consent Decree wherein it stated that SCA "denies liability under Federal or State statutory or common law and has agreed to enter into this Consent Decree to avoid the costs of litigation. This Consent Decree is not and shall not constitute an admission or adjudication of any fact or conclusion of law or a waiver of any right or defense of the Settling Defendant with respect to any matter." Id.
Contribution, as the Seventh Circuit stated in Akzo, 30 F.3d at 764, is a claim "by and between jointly and severally liable parties for an appropriate division of the payment one of them has been compelled to make." As SCA had never admitted liability, had never been adjudicated as a liable party, and had entered into a consent decree that expressly was to not "constitute an admission" but was only entered into to "avoid the costs of litigation", this court found it "difficult, if not impossible, to view SCA's claim against the third-party defendants as a claim for contribution." 849 F.Supp. at 1283.
The third-party defendants claim that this court should have found SCA to be a liable party, and thus limited to contribution actions, because liability under CERCLA is strict and, accordingly, no adjudication or admission of liability is necessary[5]. Clearly, the third-party defendants have stretched the concept of strict liability too far. Even though liability is strict under CERCLA, it is obvious that legal liability cannot attach until a party has either admitted liability or has been adjudicated as liable. Strict liability is simply "liability without fault", Black's Law Dictionary 1422 (6th ed. 1990), not liability without adjudication. Even in a strict liability case it is still necessary for there to be a determination that the conditions giving rise to strict liability were, in fact, present. For example, in product liability cases "it is essential to prove that the product was defective when placed in the stream of commerce." Id.
Liability is established under § 107(a) of CERCLA if: (1) the site in question is a "facility" as defined in § 101(9); (2) the defendant is a responsible person under § 107(a); (3) a release or a threatened release of a hazardous substance has occurred; and (4) the release or the threatened release has caused the plaintiff to incur response costs. Town of Munster, Ind. v. Sherwin-Williams, 27 F.3d 1268, 1273 (7th Cir.1994); Kerr-McGee Chemical v. Lefton Iron & Metal, 14 F.3d 321, 325 (7th Cir.1994).
The third-party defendants argue that SCA claims in its complaint that from 1973 to 1976, the Site constituted a facility, that there were hazardous substances stored at the Site and that there was a release of such *544 hazardous substances. See SCA Complaint at ¶¶ 4-6. The third-party defendants also cite to SCA's responses to interrogatories and the deposition testimony of one of the general managers of the Site in an attempt to show that SCA "is a responsible person under § 107(a)". Even if the court found it proper to construe SCA's allegations in its complaint as admissions, the third-party defendants' argument that SCA has admitted it is a responsible party by virtue of evidence obtained via discovery is meritless. The evidence the third-party defendants rely upon is simply that: evidence. It does not establish the fact as being true. In all likelihood, this court would have to conduct a extensive trial before it could be determined whether SCA was a "responsible person". In fact, avoiding this expense is precisely the reason SCA entered into a settlement with the government.[6] Thus, in sum, this court finds the third-party defendants' argument that SCA has admitted liability, or should somehow be deemed to be strictly liable, to be completely without merit.
Next, this court will discuss the third-party defendants' observation that the Seventh Circuit cited, and declined to follow, two decisions which were discussed in this court's April Order: Burlington N.R.R. Co. v. Time Oil Co., 738 F.Supp. 1339, 1342-43 (W.D.Wash.1990), and Key Tronic Corp. v. United States, No. C-89-694-JLQ, Order at 15, (E.D.Wash. Aug. 9, 1990), rev'd on other grounds, 984 F.2d 1025 (9th Cir.1993), aff'd in part, rev'd in part, and remanded, ___ U.S. ___, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). First, it is important to note that, contrary to the third-party defendants' implication, this court did not rely on these two decisions in its April Order. Rather, the Key Tronic case was discussed to show that even though the courts generally were not permitting cost recovery actions against settling parties, some courts were nevertheless permitting such actions in cases where CERCLA's policy of encouraging settlements would not be frustrated.
The case before this court has never involved an attempted cost recovery action against a settling party and thus, Key Tronic was not relevant to this court's decision. Key Tronic (and numerous other cases involving cost recovery actions against settling parties) was discussed by this court for two purposes. One, to explain the different factual patterns that were being confronted by the courts, which differing facts were requiring the courts to arrive at apparently conflicting decisions; and two, to set forth the courts' reasoning in these cases so as to emphasize the point that the purpose of the bar against contribution actions is to protect settling parties from contribution.
Likewise, the Burlington case was discussed by this court to facilitate its discussion of the distinction between a § 107 action and a § 113 action[7]. This court did not endorse any of the holdings or conclusions of the Burlington court, and expressly noted that Burlington was a "contribution protection" case, i.e., a case in which a non-settling party was asserting a cost recovery action against a settling party. As such, the Burlington case was not pertinent to this court's ultimate conclusion in its April Order.
As a final note on this subject, this court would like to point out that its April Order is published at 849 F.Supp. 1264, and was readily available to the Seventh Circuit at the time of its decision in Akzo (and was probably even available to counsel prior to the May 5, 1994 oral arguments). If Akzo is as "on *545 point" as the third-party defendants suggest, such that Akzo would require this court to reverse its ruling in the April Order, it is surprising that the Seventh Circuit did not discuss this court's decision and then express an opinion on its correctness. While definitely not a controlling factor, the fact that Akzo did not cite this court's decision buttresses the conclusion that Akzo does not directly contradict this court's April Order, as the third-party defendants have argued.

B. UNITED TECHNOLOGIES CORP. V. BROWNING-FERRIS INDUS.
The court will now discuss the second case which the third-party defendants claim is contrary to this court's April Order: United Technologies Corp. v. Browning-Ferris Indus., 33 F.3d 96 (1st Cir.1994). In United Technologies, the plaintiffs entered into a Consent Decree with the United States and the State of Maine in which the plaintiffs agreed to undertake and complete clean-up work at a waste site. The plaintiffs then filed a suit under § 107(a) against various defendants attempting to recover their response costs. The defendants filed a motion for summary judgment arguing that the plaintiffs were limited to a contribution action under § 113, and that the claim was time barred due to § 113(g)(3)'s three year statute of limitations.
In a Report and Recommendation, the Magistrate Judge granted the defendants' motion for summary judgment, holding that the plaintiffs were limited to a contribution action[8]. The District Court adopted the Magistrate Judge's Report and Recommendation[9], and the plaintiff appealed the case to the First Circuit Court of Appeals. The First Circuit discussed the "contours of contribution" and decided that the word "contribution" in § 113 was to be given its generally accepted legal meaning. 33 F.3d at 99. As per this accepted legal definition, contribution "refers to a claim `by and between jointly and severally liable parties for an appropriate division of the payment one of them has been compelled to make'". Id. (quoting Akzo Coatings, Inc. v. Aigner Corp., 30 F.3d at 764 (7th Cir.1994)). The First Circuit then held that "bearing in mind that appellants are by their own admission liable parties, their claim against Browning must be classified as an action for contribution." Id. at 101 (emphasis added).
As is readily apparent, United Technologies is not applicable to the case at bar for several reasons. First, even though the plaintiffs in United Technologies were settling parties, like SCA, the United Technologies plaintiffs had admitted liability and were, for that reason, limited to a contribution action. In the present case, as this court has already noted several times, SCA has not admitted liability, has not been adjudicated a liable party, and the Consent Decree lodged with this court expressly provides that SCA is not to be considered a liable party for any reason.
Another important difference between this case and United Technologies is the fact that the consent decree in United Technologies was signed and entered into prior to the effective date of SARA (which added § 122 to CERCLA). Thus, the plaintiffs in United Technologies did not receive the benefit of § 122 which provides that "the participation by any party in the [settlement] process under this section shall not be considered an admission of liability for any purpose...." 42 U.S.C. § 9622(d)(1)(B). Section 122 also provides that "The President may fashion a consent decree so that the entering of such decree and compliance with such decree or with any determination or agreement made pursuant to this section shall not be considered an admission of liability for any purpose." 42 U.S.C. § 9622(d)(1)(C).
The First Circuit, in deciding United Technologies, had little basis for concluding that the plaintiffs were anything other than liable parties and, by definition, were pursuing a contribution action against the defendants. In sharp contrast, this court is precluded by the language of § 122(d), as well as the language of the Consent Decree, from finding that SCA is a liable party. Moreover, SCA's *546 Consent Decree, at page 41, provides that: "It is understood that the Settling Defendant [SCA] may pursue cost recovery and contribution claims against certain non-parties...." (Emphasis added). Thus, there is absolutely no basis for this court to conclude that SCA's cost recovery claim against the third-party defendants is, in actuality, solely a claim for contribution.

C. TOWN OF MUNSTER, IND. V. SHERWIN-WILLIAMS CO., INC.
The third-party defendants have also taken the position in their Amended Reply Brief that Town of Munster, Ind. v. Sherwin-Williams Co., Inc., 27 F.3d 1268 (7th Cir. 1994), supports their position that SCA is limited to a contribution action[10]. In Sherwin-Williams, the Town of Munster had brought an action against Sherwin-Williams, under § 107 and § 113, seeking cost recovery and/or contribution as a result of the costs it incurred completing EPA-ordered clean-up work. The case was tried to a Magistrate Judge, and after a four-day trial the Magistrate Judge entered judgment for Sherwin-Williams on the ground that the doctrine of laches barred the Town's suit.
The Town appealed, presenting a straight-forward question of law to the Seventh Circuit: "whether CERCLA permits the assertion of the equitable defense of laches to bar recovery in a private party cost recovery or contribution action...." Id. at 1269. After citing the pertinent section of CERCLA, the Seventh Circuit stated that "[u]nder § 113(f), any party found liable for clean-up costs may seek contribution from other liable or potentially liable parties...." Id. at 1270. The Court then held that "CERCLA does not permit equitable defenses to § 107 liability, although we do conclude that equitable factors may be considered in the allocation of contribution shares." Id. In conclusion, the Seventh Circuit stated that "Munster's cost recovery claim must be reinstated for a determination of liability and, if necessary, apportionment. At the apportionment stage, of course, the court may consider such equitable factors as it deems appropriate." Id. at 1274.
This court fails to see how Sherwin-Williams supports the third-party defendants' arguments. The Town of Munster filed its cause of action against Sherwin-Williams under both § 107 and § 113. There did not appear to be a disputed issue in the case as to whether the Town was a liable party or whether it could properly bring a § 107 action. Rather, the courts were concerned with what defenses the defendant could assert against the § 107 action. It is abundantly clear that if the Seventh Circuit believed the § 107 action was, as the third-party defendants argue, merely a § 113 action in disguise, the Court would not have devoted an entire opinion to analyzing § 107 to determine whether equitable defenses could be properly asserted.
The third-party defendants focus on the fact that the Seventh Circuit discussed apportionment of liability, jumping to the conclusion that the Seventh Circuit was actually considering the Town's § 107 action to be an § 113 action. See Amended Reply Brief at 5. There is simply no basis in the Seventh Circuit's opinion for this conclusion. By bringing claims pursuant to § 107 and § 113, the Town was clearly attempting to establish Sherwin-William's liability and then seek contribution. The Seventh Circuit simply stated that equitable defenses could not be raised in the liability phase of the case (§ 107), but could be raised during the damage phase of the case (§ 113). The Seventh Circuit did not explicitly express an opinion on the propriety of the Town of Munster's act of asserting a cost recovery action. This court will not lightly assume that the Seventh Circuit somehow implicitly held that the Town's cost recovery action was actually a contribution action in disguise, especially in light of the fact that the Court expressly ordered that the Town's cost recovery claim *547 was to be reinstated for a determination of liability. Id. (Emphasis added). Rather, if any implication is to be made from the Seventh Circuit's opinion, it is that the Town's § 107 cost recovery action was proper and the Town was not limited to pursuing a § 113 contribution action. Consequently, this court agrees with SCA that Sherwin-Williams supports this court's April Order and does not, in any way, undermine this court's analysis and holding.

Alternative Motion for Certification
In their alternative motion for certification, the third-party defendants argue that the issues decided in this court's April Order, which were revisited in this order, are "controlling questions of law" and that immediate interlocutory appeal of these controlling legal questions will "materially advance the ultimate termination of the litigation."
SCA has strongly opposed the request for certification, arguing that the third-party defendants' delay of nearly four months bars their request. SCA also takes the position that even if the Seventh Circuit were to reverse this court's decision and find that SCA was only entitled to pursue a contribution claim, this reversal would not materially advance the ultimate termination of this litigation as SCA believes it has equitable defenses which toll the statute of limitations.
In response to SCA's arguments, the third-party defendants have stated that the ruling in Akzo, which they obviously were not aware of until a short while after the July 11, 1994 decision was rendered, prompted them to seek certification and that they did not seek certification earlier because they did not have any reason to do so. However, as SCA has pointed out, this argument is substantially undermined by the third-party defendants' statement that "Sherwin-Williams' holding on the relationship between cost recovery and contribution actions directly contradicts this Court's April 19 Order while fully supporting Movant's position." See Amended Reply Brief at 5-6. Sherwin-Williams was decided on June 27, 1994. Thus, if the third-party defendants honestly believed that Sherwin-Williams was in direct conflict with this court's April Order, they should have filed a motion for certification shortly after that decision was rendered.
Additionally, this court is not persuaded by the third-party defendants' bald assertion that a decision by the Seventh Circuit will materially advance the ultimate termination of this litigation (even if SCA is permitted to assert equitable defenses and its third-party complaint is not dismissed) by "simplifying pre-trial procedures". The third-party defendants have not explained how any of this court's pre-trial proceedings will be simplified or to what degree they will be simplified. Considering the vast number of parties in this case, and the fact that costly clean-up operations are continuing to be performed, this court is extremely hesitant to prolong this case so that a time-consuming appeal may be taken. Moreover, the third-party defendants have completely failed to convince this court that there is any indication that the Seventh Circuit would reverse this court's April Order (or this motion to reconsider). Consequently, this court declines the third-party defendants' invitation to certify this case for interlocutory appeal.

Conclusion
For all of the foregoing reasons, the third-party defendants' motion to reconsider is hereby DENIED. Further, the third-party defendants' alternative motion for certification of interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) is also hereby DENIED.
NOTES
[1] This motion was brought on behalf of the Fort Wayne Reduction Site Generator Group whose members include Navistar International Transportation Corp., Dana Corporation, The Uniroyal Goodrich Tire Co., Cooper Tire & Rubber Co., Phelps Dodge Corp., United Technologies (Sheller Globe), General Electric Co., Corning Glass Works, Joslyn Manufacturing Co., Tokheim Corp., Van Wert County Transfer Station, Potlatch Corporation, ITT Corporation, Indiana Michigan Power Co., Hi-Ranger Liquidating, Inc., Utility Equipment Holding Corp., Simon-Telelect, Inc., Harris-Kayot, Inc., Fruehauf Trailer Corp., and B.F. Goodrich Auto Service. Rieke Corporation, Fort Wayne Newspapers, Inc., and Borg-Warner Corp. also joined in the initial motion. Additionally, the following third-party defendants joined the motion on September 8, 1994: Barry Dorman, Barry Pass, Colwell/General, Inc., The Fonda Group, Inc., Leonard Rifkin, Knepper Cartage, Inc., OmniSource Corp., Protective Coatings, Scott Paper Company, and Valspar Corporation.
[2] The facts of this case have been fully set forth in this court's order of April 18, 1994, reported at 849 F.Supp. 1264. Consequently, this order will only discuss those facts necessary for an understanding of the present motion.
[3] 42 U.S.C. § 9613(g)(3) provides as follows:

No action for contribution for any response costs or damages may be commenced more than 3 years after 
(A) the date of judgment in any action under this chapter for recovery of such costs or damages, or
(B) the date of any administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.
[4] CERCLA § 113(f)(2) provides that:

A person who has resolved its liability to the United States or a State, in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.
[5] The third-party defendants claim that the Seventh Circuit in Town of Munster, Ind. v. Sherwin-Williams, 27 F.3d 1268, 1270-72 (7th Cir.1994), "clearly stated" that an adjudication of liability was not necessary under CERCLA. See Amended Reply Brief at 8. This statement constitutes a misrepresentation to this court, a matter which this court views very unfavorably. As will be discussed more fully later in this order, the Seventh Circuit in Sherwin-Williams held that equitable defenses may not be raised in a CERCLA § 107 action because § 107(a) imposes liability "notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b)." 42 U.S.C. § 9607(a). Meaning that subsection (b) "establishes the universe of defenses to section 107 liability" with no mention of equitable defenses. 27 F.3d at 1271 (citing General Electric v. Litton Indus. Automation Systems, 920 F.2d 1415, 1418 (8th Cir.1990)). The Court did not state, clearly or otherwise, that no adjudication of liability was necessary under § 107. In fact the Court specifically held that "Munster's cost recovery claim must be reinstated for a determination of liability...." 27 F.3d at 1274 (emphasis added). Thus, although § 107 liability may be strict and the defenses to liability limited, there clearly has to be a determination of liability.
[6] The third-party defendants have stated, without citation to authority, that "the mere fact that a party to a Consent Decree has bargained for language to the effect that the decree is not an `admission' of liability, does not foreclose that party's liability under CERCLA." Reply Brief at 8, n. 4. This statement is illogical (why would a party bargain for language that is meaningless?) and, moreover, it raises interesting questions (which this court will not pursue at this time), such as lack of consideration. Additionally, the third-party defendants should note that CERCLA § 122(d)(1) provides that a party's non-admission of liability in a consent decree may not be used in any way as a finding of liability under any section of CERCLA.
[7] Akzo, as well as another case relied upon by the third-party defendants, United Technologies Corp. v. Browning-Ferris Indus., 33 F.3d 96 (1st Cir. 1994), also pointed out the distinction between a cost recovery action and a contribution action. See United Technologies, at 98-99, 100 (quoting Akzo).
[8] See 1993 WL 660007, 1993 U.S.Dist. LEXIS 19160 (D.Me. May 27, 1993).
[9] See 1993 WL 660007, 1993 U.S.Dist. LEXIS 19162 (D.Me. Aug. 11, 1993).
[10] As SCA has noted in its Surreply Brief, the third-party defendants' reliance on Sherwin-Williams has been less than consistent. Previously, in their brief in support of their motion to dismiss, the third-party defendants relied on the district court opinion in Sherwin-Williams. See Brief in Support of Motion to Dismiss at 15-16. This court agrees with SCA that it is difficult to understand how the Seventh Circuit's recent decision in Sherwin-Williams, which vacated and remanded the district court's decision, can also support the third-party defendants' position.